# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| BOBBY TROUTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-30 (MTT) |
| | ) |
| JEFFERSON CAPITAL SYSTEMS, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Bobby Troutman alleges that Defendants Jefferson Capital Systems ("JCS"); Roosen, Varchetti, & Olivier ("RVO"); and Fierman engaged in abusive debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Georgia Fair Business Practices Act ("GFBPA"). Doc. 1. The Defendants move to dismiss. For the following reasons, that motion (Doc. 5) is **DENIED**.

## I. BACKGROUND

Troutman claims that he "is alleged to have incurred" a debt to Fingerhut Direct Marketing for personal, family, or household purposes in 2011. Doc. 1 ¶ 29-31. In August 2016, JCS purchased accounts receivable, including Troutman's debt.[1] Doc. 8-1 at 5-7. In March 2018, JCS, represented by RVO, sued Troutman in the Magistrate

---

[1] For the sake of convenience, the Court refers to the alleged debt as simply a "debt," with the understanding that the debt is disputed.

Court of Bibb County to collect the debt. Doc. 1 ¶ 32. RVO allegedly sent Troutman a notice indicating that it "'may introduce regularly held business records as admissible evidence,'" but no documents were attached to that notice. *Id.* ¶¶ 33-35; *see* O.C.G.A. § 24-8-803(6) (allowing business records as an exception to the rule against hearsay). Troutman alleges that on July 26, 2018, Defendant Fierman appeared for RVO and JCP at a hearing and told Troutman's counsel that the Defendants had no documents to prove the debt. *Id.* ¶¶ 36-37. Fierman requested that the court provide him with a copy of the complaint, then testified to the accuracy of the amounts alleged in the complaint and the accuracy of certain records.[2] *Id.* ¶¶ 4-46. Troutman alleges Fierman had never seen the documents but falsely testified that he knew they were accurate. *Id.* ¶¶ 43-45. Troutman also alleges Fierman never filed an entry of appearance and that Fierman's testimony violated Rule 3.7 of the Georgia Rules of Professional Conduct by acting both as an advocate and a witness. *Id.* ¶¶ 49-57.

The Magistrate Court entered judgment for JCS for the full amount alleged on the same day, July 26, 2019. Doc. 8-1 at 1-2. Troutman filed a notice of appeal on July 28, 2018. Troutman also requested documents verifying the accuracy of the complaint. Docs. 1 ¶ 59; 8-1 at 18-19. JCS then filed a notice of dismissal pursuant to O.C.G.A. § 9-11-41(a). Docs. 1 ¶ 59; 8-1 at 21-22. Troutman then brought this suit on January 24, 2019, alleging that Fierman's false testimony in the state court collection action, the lack of meaningful attorney participation in the collection action, and the Defendants' filing

---

[2] The complaint in this case (Doc. 1) refers simply to "the records," without specifying what records they are. Doc. 1 ¶ 42.

the collection action without any intention of proving the debt, all violated the FDCPA and the GFBPA. [3]

## II. DISCUSSION

### A. Motion to Dismiss Standard Pursuant to Fed. R. Civ. P. 12(b)(1)

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley v. Orlando Reg'l Heathcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1232–33 (internal quotations and citation omitted). A factual attack, however, "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233. The Defendants here have introduced material outside the pleadings and thus have made a factual attack on the Court's jurisdiction. When a defendant makes a factual attack on a court's subject matter jurisdiction, the court is permitted to consider matters outside the pleadings and weigh the evidence to ensure that it has the power to hear the case. *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990). "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (citations omitted).

---

[3] Troutman does not appear to have specifically alleged actual damages, and in the Eleventh Circuit, the failure to show actual damages can bar a FDCPA claim. *Coursen v. Shapiro & Fishman, GP*, 588 F. App'x 882 (11th Cir. 2014). The Defendants did not raise that issue, so the Court does not address it.

**B. Motion to Dismiss Standard Pursuant to Fed. R. Civ. P. 12(b)(6)**

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**C. Analysis**

The Defendants move to dismiss on five grounds, arguing that the Court lacks subject-matter jurisdiction, that Troutman fails to state a claim, that the claims against

Fierman are barred by witness immunity, and that the claims against Fierman are barred by litigation privilege. *See generally* Doc. 5.

1. *Subject-Matter Jurisdiction*

The Defendants argue this case is barred by the *Rooker-Feldman* doctrine, which "eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court." *Target Media Partners v. Specialty Marketing Corp.*, 881 F.3d 1279, 1281 (11th Cir. 2018). *Rooker-Feldman* is a narrow jurisdictional bar which prevents inferior federal courts from exercising appellate jurisdiction over state courts. *Id.*; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 285 (2005). Federal district courts, therefore, lack jurisdiction over two categories of claims: (1) those "actually adjudicated by a state court" and (2) those "inextricably intertwined with a state court judgment." *Target Media Partners*, 881 F.3d at 1286 (quotation marks omitted). A claim is "inextricably intertwined" with a state court judgment if it asks the Court to "effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.*

As to the first prong, the Defendants do not contend that the state court adjudicated any claims under the FDCPA or the GFBPA. The issue, rather, is whether the claims in this case are inextricably intertwined with a state court judgment.

Based on the facts the parties have alleged, it is doubtful in the first place whether there *is* a state court judgment. As Troutman points out, he filed an appeal, and the Defendant then dismissed the case. For the purposes of the Defendants' motion, there are significant unresolved issues with the appeal and the dismissal. First,

the Defendant fails to consider the effect of the appeal on the judgment.  Georgia courts have held that "[i]n Georgia a judgment is suspended when an appeal is entered within the time allowed." *CS-Lakeview At Gwinnett, Inc. v. Retail Dev. Partners*, 268 Ga. App. 480, 483, 602 S.E.2d 140, 142 (2004) (quoting *Greene v. Transport Ins. Co.,* 169 Ga.App. 504, 506, 313 S.E.2d 761 (1984)).  The judgment was, therefore, suspended while the appeal was pending.  The Defendants' motion also does not consider how the dismissal affected both the appeal and the judgment.  If the appellant, Troutman, had dismissed only the appeal, that would have reinstated the judgment.  But where, as here, the appellee, JCS, dismissed the case,[4] it is unlikely that the judgment remained in effect.

Furthermore, even if there were a state court judgment in effect, *Rooker-Feldman* would not apply.  "The *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments[.]"  *Exxon Mobil*, 544 U.S. at 284.  The injury complained of would be the judgment if, for instance, Troutman were suing to recover damages paid to the Defendant pursuant to the state court judgment. *See, e.g.*, *Kelley v. Med-1 Sols.*, LLC, 548 F.3d 600, 605 (7th Cir. 2008) (affirming dismissal pursuant to *Rooker-Feldman* of action alleging award of attorney's fees).  Although the alleged state court judgment may have rested in part on Fierman's representations, "[i]f a federal plaintiff presents an independent claim, even one that denies a state court's legal conclusion in a case to which the plaintiff was a party, there

---

[4] There are also questions concerning the dismissal, which appears to have been voluntary, but also after the judgment.  That may be improper under O.C.G.A. § 9-11-41, which only allows dismissal with a court order at that stage in the proceedings.  The parties have not briefed that issue.

is jurisdiction." *Exxon Mobil*, 544 U.S. at 293.[5]  Troutman's claim concerns allegedly false testimony, which presents an independent claim.  *See Collins v. Erin Capital Management, LLC*, 991 F. Supp. 2d 1195, 1203 (S.D. Fla. 2013) (collecting cases) ("District courts in the Eleventh Circuit have recognized a distinction between FDCPA claims seeking to overturn state court judgments and FDCPA claims seeking to hold defendants liable for violations of the statue occurring during collection efforts preceding any judgment.").  For those reasons, the *Rooker-Feldman* doctrine does not bar jurisdiction.

2. *Motion to dismiss for failure to state a claim*

The Defendants argue that Troutman's claims under § 1692e(3), which prohibits "the false representation or implication that any individual is an attorney or that any communication is from an attorney," should be dismissed.  That claim is based on Troutman's allegation that there was no "meaningful attorney involve[ment] in" the collection action.  Doc. 1 ¶ 79.  Troutman argues that Fierman, as appearance counsel in a large number of collection actions, did not review the complaint, nor did RVO review the complaint.  The basis for claiming RVO did not review the complaint is "the sheer number of lawsuits" filed by RVO.  Doc. 8 at 8.

Troutman argues, and the Defendants do not dispute, that filing lawsuits without meaningful attorney involvement violates the FDCPA.  Docs. 8 at 6-7; 9 at 2.  The Defendants, however, argue that there can be no § 1692e(3) liability where the debt collector actually obtained a judgment.  Apart from questions concerning the existence

---

[5] The Supreme Court goes on to note that a claim not subject to *Rooker-Feldman* may still be barred under principles of state preclusion law, but the Defendant has not raised the issue of preclusion here, so the Court does not consider it.

of a judgment in the state court action, discussed above, the Defendants' argument assumes the relevant claim is lack of meaningful attorney involvement in the case *as a whole*. However, the plain language of the FDCPA focuses on specific false representations: the "false representation or implication . . . that any communication is from an attorney" or "the use of a false representation or deceptive means to collect or attempt to collect any debt[.]" 15 U.S.C. §§ 1692e(3),(10). The Defendants' theory appears to be that even if a complaint deceptively indicates that it was prepared with meaningful attorney involvement, there is no FDCPA liability if the attorney becomes meaningfully involved later on. However, there is nothing in the FDCPA, and the Defendants cite no authority, to support such a carve-out. Here, Troutman's allegation is that the complaint was filed without meaningful attorney involvement. That plausibly alleges a FDCPA violation, regardless of whether Fierman became more involved later.

Troutman also alleges that Defendant RVO violated the FDCPA by filing a lawsuit "with no intention of proving the alleged debt and only seeking a default judgment." Doc. 1 ¶ 80. Troutman alleges that violates § 1692e(5) of the FDCPA, which prohibits "[t]he threat to take any action . . . that is not intended to be taken." Troutman supports this claim with at least two factual allegations: first, that Defendant Fierman stated that the Defendants "had no documents available to prove the existence, ownership, or assignment of the debt" (*id.* ¶ 37); and second, that after prevailing in the magistrate court, the Defendants dismissed the case after Troutman appealed and requested documents verifying the debt (*id.* ¶ 59).

The Defendants argue that Troutman's allegation that they never intended to prove the debt is false because the Defendants actually attempted to prove the debt

and, at the magistrate court at least, proved it successfully. Doc. 5 at 8. Taking Troutman's allegations as true, however, it is possible that JCS and RVO knew they could not prove the debt and never intended to prove the debt at the time the complaint was filed. The possibility that Fierman later attempted to prove it, allegedly through false testimony, does not change that. Troutman has stated a FDCPA claim against JCS and RVO.

JCS also argues that it cannot be liable under the GFBPA for the actions of RVO. Troutman alleges JCS was aware of and approved RVO's and Fierman's actions, and JCS argues there is no claim against it on those allegations. Docs. 1 ¶ 70; 5 at 9. In response, Troutman cites non-binding authority recognizing that a debt collector can be liable for the collection practices of its agents under the FDCPA. *See Bent v. Smith, Dean & Assocs., Inc.*, 2011 WL 2746847, at *3 (M.D. Fla. July 14, 2011) (citing *Schutz v. Arrow Fin. Servs., LLC,* 465 F.Supp.2d 872, 875–76 (N.D.Ill.2006); *Pollice v. National Tax Funding, L.P.,* 225 F.3d 379 (3rd Cir. 2002)). Because a violation of the FDCPA also constitutes a violation of the GFBPA, Troutman argues, he has stated a claim against JCS under both statutes. Doc. 8 at 12-13; *see 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459, 654 S.E.2d 428, 431 (2007). The reply brief simply states, without any elaboration, that "[n]one of its [sic] authority supports that conclusion." Doc. 9 at 4. Although Troutman's cited cases are non-binding, the Court finds their reasoning persuasive, and the Defendants' barebones argument and unresponsive reply fail to carry their burden at this stage.

### 3. *Litigation privilege and witness immunity*

Troutman alleges that Fierman falsely testified to the accuracy of records he had no knowledge of. Doc. 1 ¶¶ 38-46. Fierman then refused to file an entry of appearance. *Id.* ¶¶ 47-50. In the motion to dismiss, Fierman argues the claim is barred by witness immunity. He makes two arguments: first, that there is "absolute immunity afforded to witnesses under federal law" and second, that "the Eleventh Circuit . . . has found that claims under the FDCPA can be barred by state law immunity principles." Doc. 5 at 8.

The argument concerning "state law immunity," more properly called "litigation privilege" in *Coursen*, is accurate as far as it goes, which is not far. FDCPA claims *can* be barred by the litigation privilege: Florida courts, for instance, recognize such a privilege. *See Coursen v. JP Morgan Chase & Co.*, 2013 WL 5437341, at *9 (M.D. Fla. Sept. 27, 2013), *aff'd sub nom. Coursen v. Shapiro & Fishman, GP*, 588 F. App'x 882 (11th Cir. 2014); *Kinsey v. MLH Fin. Servs., Inc.*, 509 F. App'x 852, 853–54 (11th Cir. 2013) ("In Florida, absolute immunity attaches to any act that occurs during the course of a judicial proceeding so long as the act has some relation to the proceeding."). The Defendant makes no claim that Georgia law recognizes such a privilege, so there is no discussion of Georgia litigation privilege in the briefs. [6] Consequently, there is no basis for concluding, as a matter of law, that the claims are barred by "state law immunity principles." Doc. 5 at 8.

---

[6] *See Williams v. Smith, White, Sharma & Halpern, P.A.*, 2009 WL 10669537, at *3 (N.D. Ga. May 20, 2009) ("Defendants are incorrect in their assertion that Georgia's litigation privilege is analogous to Florida's.") (citing *Morrison v. Morrison*, 284 Ga. 112, 113, 663 S.E.2d 714, 717 (2008)).

Fierman also argues that the claim against him is barred by witness immunity, although his reply brief confuses witness immunity with Florida's litigation privilege. Docs. 5 at 8; 9 at 4. His basis for the witness immunity defense is a Supreme Court case which held that police witnesses were immune from § 1983 liability for their testimony in criminal prosecutions. *Briscoe v. LaHue,* 460 U.S. 325, 345-46 (1983). However, Fierman cites no authority applying *Briscoe* immunity to FDCPA defendants. *See* Docs. 5 at 8-9; 9 at 4. Instead, his reply brief points out that "[t]he *Kinsey* [*v. MLH Fin. Servs., Inc.*, 509 F. App'x 852 (11th Cir. 2013)] court was unequivocal in holding that *Florida's immunity law* barred the FDCPA claims and supports the application of witness immunity in this case." Doc. 9 at 4 (emphasis added). As with Fierman's argument based on litigation immunity, the Court agrees that the Eleventh Circuit has recognized Florida's expansive litigation immunity, but that has no relevance to this case. Fierman's conclusion, based on Florida's litigation privilege, that "[t]he Eleventh Circuit Recognizes Witness Immunity in FDCPA cases," is muddled. Further, even if witness immunity did apply to Fierman, Troutman may still have a basis for a claim against Fierman *qua* lawyer for knowingly putting on false testimony in an attempt to collect debt.

### III. CONCLUSION

For the reasons noted, the Defendants' motion to dismiss (Doc. 5) is **DENIED**.

**SO ORDERED**, this 27th day of June, 2019.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT